UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

--------------------------------------------------------x

DR. BRIANCE MASCARENHAS,                    **COMPLAINT**

     Plaintiff,

vs.

RUTGERS, THE STATE UNIVERSITY,

     Defendant.

--------------------------------------------------------x

By and through his counsel, plaintiff alleges against defendant as follows:

**PARTIES**

1.  Plaintiff Dr. Briance Mascarenhas is a Professor of Business employed by defendant Rutgers, The State University.  He resides within this judicial district and is of legal age.  He has a disability which defendant has previously conceded is covered by the Americans with Disabilities Act [ADA].  He has not requested any accommodation to properly perform his job duties and here claims that the defendant has discriminated against him on the basis of his disability and his ongoing federal litigation brought pursuant to the ADA.

2.  Defendant, Rutgers, The State University, is an employer within the meaning of the Americans with Disabilities Act and located within this judicial district.

**JURISDICTION**

3.  Within 300 days of the intentionally discriminatory and retaliatory practices alleged herein, plaintiff filed a Charge with the EEOC alleging that

1

defendant had violated the ADA by intentionally discriminating against him on the basis of his disability and by retaliating against him for the protected activity in which he has engaged.

4.  Less than ninety days have passed since the EEOC issued a right to sue letter to plaintiff permitting initiation of this lawsuit.  Exhibit 1.

5.  As plaintiff alleges that defendant violated rights accorded to him under federal law and as plaintiff has exhausted his administrative remedies and as this Honorable Court has jurisdiction over the parties, this matter is properly lodged in this Court pursuant to 28 U.S.C. sections 1331, 1343 (3) & (4) and 42 U.S.C. secs. 1983 and 1988.

**STATEMENT OF FACTS**

6. This complaint relates to two discriminatory events: termination of plaintiff as Area Head (8/1/2019) and denial of equity adjustment salary increase (11/1/2019), by Rutgers University's Interim Dean Sungsoo Kim, which represented discrimination on the basis of plaintiff's known disability and retaliation for plaintiff's filing and litigation of a discrimination case regarding defendant's failure to promote him to the rank of Distinguished Professor, which is currently under review by the Court of Appeals for the Third Circuit.

7.  On August 1, 2009, Interim Dean Sungsoo Kim terminated plaintiff as Area Head in the Rutgers School of Business-Camden, a position for which plaintiff earned an additional $10,000/year above base salary and a one-course teaching reduction/year.

8.   Before taking this action, Dr. Kim had served for one month as Interim Dean after taking over from Dean Jaishankar Ganesh on July 1, 2019

9.   Kim had called a meeting on August 1, 2019 to discuss the Area, but he did not discuss the area or plaintiff's performance during his successful eight years as area head.

10.   Under Rutgers' own appointment letter for the area head position, Dean Kim was supposed to meet with plaintiff to review his performance as area head after August 31, 2019.

11.   At the start of the August 1, 2019 meeting, Dr. Kim inquired about Dr. Mascarenhas' vision disability.

12.   In response to Dr. Kim's question, Dr. Mascarenhas informed that his vision disability comprised: 1. Pellucid Marginal Degeneration in both eyes, 2. Corneal Hydrops in the right eye, and 3. Dry Eye syndrome in both eyes.

13.   Dr. Kim then informed Mascarenhas that he was terminating him so that he could take care of his vision disability.

14.   Plaintiff replied that he had this disability for about 20 years and had done everything possible to manage it.

15.   Dr. Kim referenced the disability four times during the meeting.

16.   At the meeting, Dr. Kim next asked Mascarenhas why he had not turned in his vita and suggested that Drs. Pilotte and Rabinowitz (two of the three other Area Heads) had published recently, and that Mascarenhas had not, knowing that Mascarenhas had a vision disability. Dr. Kim did not

mention that the third other Area Head, Dr. Jansen, had not published recently.

17.   Mascarenhas advised that his vita was confirmed on file at the Dean's office and that he had two recent publications in 2019, including one published by the prestigious Oxford University Press.

18.   The following day, plaintiff emailed to Acting Dean Kim his vita that was on file at the Dean's office.

19.   A comparison of the vitas of all Area Heads shows that plaintiff had substantially more publications (60) than the other comparator Area Heads (Jansen 10, Pilotte 22, Rabinowitz 27) who were retained.

20.   Plaintiff had also published more recent articles (2019) than two (Rabinowitz 2018, Jansen 2016) of the three other comparator Area Heads who were retained.

21.   At the meeting, Acting Dean Kim then mentioned that before the permanent Dean's appointment he wanted to appoint the next generation of departmental leadership, a veiled reference to plaintiff's age. Kim referenced consultations with the Chancellor's office and Provost Mike Palis on this matter and the termination of Mascarenhas.

22.   However, Kim did not dismiss any of the other non-disabled area heads who were plaintiff's contemporaries.

23.   Kim replaced plaintiff with a former administrator, Dr. Sambharya, from the prior generation leadership.

24.  Dr. Sambharya's vita shows that he had been MBA Program Director from 2008-2009 and Associate Dean from 2010-2015.

25.  Thus, this possible basis for plaintiff's termination, to wit, to bring in the next generation leadership, is also contradicted by the available facts.

26.  Subsequently, in emails, Acting Dean Kim proffered other, reasons for plaintiff's dismissal as area head that were not mentioned at the August 1 termination meeting.

27.  These reasons were unfounded or proven false, and are additional, shifting pretexts for dismissal and retaliation.

28.  In an email dated August 5, 2019, Dr. Kim informed Mascarenhas that his appointment was at the 'pleasure' of the Dean referencing and/or copying the Chancellor and Provost, Michael Palis.

29.  However, the Appointment letter and Rutgers human resource policies do not mention that the Area Head position is contingent on the 'pleasure' of a supervisor; rather, the appointment is for a set term.

30.  In a later email, dated August 12, 2019, Kim brought up the 'inefficient and ineffective' provision of the appointment letter, but he never mentioned this provision in the earlier termination meeting and emails, nor did he provide any indication of this provision.

31.  Defendant's counsel filed a response to this EEOC charge dated January 31, 2020, six full months after the termination meeting of August 1, 2019.

32.  In his letter, defendant expanded the list of shifting and vague reasons for termination, baselessly claiming that plaintiff was ineffective in managing area curriculum matters, unresponsive to requests from the Dean, and ineffective and inefficient in performing his other duties as Area Head – which were not mentioned and/or countered as factually false by Mascarenhas (no recent publications, not providing the vita) during the termination meeting of August 1.

33.  Acting Dean Kim terminated plaintiff in the midst of an academic year (July 1-June 30), before the end of his term, referencing his vision disability several times, without notice of a personnel review of poor performance or any opportunity to improve noted deficiencies.

34.  Mascarenhas applied for an equity adjustment salary increase under the 2. equity adjustment category and 4. protected category (vision disability) provisions of the University-AFT-AAUP union Agreement

35.  Mascarenhas applied for Provision 2 which permits reducing salary differences of faculty in the same academic field and professorial rank across Rutgers campuses.

36.  By his letter of November 1, 2019, Dr. Kim denied plaintiff's request for a salary increase based on factual misinterpretations, factual misrepresentations, and pretexts as well as the use of a non-neutral criterion not in the Rutgers policy – the lack of recent top journal publications – which discriminates against Dr. Mascarenhas' degenerating vision disability which progressively impaired his reading and research.

37. Mascarenhas' application presented the comparator group within his same academic field and showed Professor 1s on a different campus with a higher salary: "I am requesting a salary adjustment of $13,334 between my AY (academic year) salary of $221,522 in the International Business, Strategy, and Entrepreneurship Area in the School of Business-Camden and the comparable average AY salary of $234,856 of Professor 1s in the Management & Global Business Department at Rutgers Business School – Newark per the attached AAUP-AFT salary document and table.

38. In support of his pay equity application, plaintiff showed that he ranked First in Major Awards among all 2114 tenured/tenure-track faculty at Rutgers University, receiving Presidential awards confirming his high achievement in all professorial roles – research, teaching, and service.

39. On November 1, 2019, Dean Kim denied Mascarenhas' equity salary adjustment application.

40. At the time Interim Dean Kim so acted, he was aware that plaintiff had a vision disability and/or had sued defendant for its failure to promote him to P-2, the highest professorial rank.

41. Plaintiff's lawsuit against defendant was ongoing at the time Kim took both his adverse actions.

42. At the time he so acted, Kim was interim dean and wished to be appointed as Dean.

43. This ambition provided Acting Dean Kim with motivation to engage in adverse, discriminatory and retaliatory actions against plaintiff to curry

favor with those influential in  the appointment of the dean of business, including  the Provost and President of the university, who were otherwise engaged in litigation against plaintiff.

44.  The actions complained of herein were taken by a person defendant delegated to take such actions.

45.  These actions were objectively adverse to plaintiff and deprived him of status, pecuniary benefit, and eventually will increase his teaching load.

46.  These actions also humiliated plaintiff, caused him emotional distress and required him to expend resources to redress the wrongdoing.

**CAUSES OF ACTION**

47.  Plaintiff incorporates paras. 1-46 as if fully restated herein.

48.  By ousting plaintiff as area head on the basis of his disability, defendant violated the Americans with Disabilities Act.

49.  By ousting plaintiff as area head on the basis of his protected action brought under that Act, defendant violated the Americans with Disabilities Act.

50.  By denying plaintiff a salary equity adjustment which he was due on the ground that he failed to publish recent top journal articles , defendant violated the Americans with Disabilities Act and discriminated against him on the basis of a known disability.

51.  By denying plaintiff a salary equity adjustment which he was due, defendant retaliated against him for his engaging in protected activity, to wit,

bringing and maintaining a lawsuit against defendant for disability discrimination.

## **PRAYER FOR RELIEF**

WHEREFORE, plaintiff prays that this Honorable Court take jurisdiction over this matter, empanel a jury to hear and decide all issues within its province, award to plaintiff compensatory and punitive damages as permitted by law for defendant's intentional violations of the Americans with Disabilities Act, permanently enjoin defendants from engaging in discrimination or retaliation in violation of the ADA, order defendant to reinstate plaintiff as area head, order defendant to provide plaintiff the adjustment in salary he sought in the fall 2019 with pre and post-judgment interest, award to plaintiff the costs and attorneys' fees reasonably incurred in the prosecution of this matter and enter any other order the interests of law and/or equity require.

Dated:  April 13, 2020

Respectfully submitted,

Mary Jo Whateley
Michael H. Sussman
Sussman & Associates
1 Railroad Avenue, Suite 3
PO Box 1005
Goshen, NY 10924
845-294-3991
Counsel for Plaintiffs